MARY C. WARN, defendant and appellant,

*v.*

WILLIAM E. WARN, complainant and respondent.

[Filed November 20th, 1899.]

The defendant was addicted to immoderate use of liquor, and her adultery resulted from the gratification of that habit. In the absence of any proof to show that the husband's conduct towards his wife was induced by a wish or expectation that she should commit the offence charged, the husband will be entitled to a divorce.

On appeal from a decree advised by Vice-Chancellor Reed, who delivered the following conclusions:

A divorce is claimed by the husband on the ground of adultery of the wife. I am convinced that the defendant was guilty of the adulterous acts charged. Her habits of inebriety destroyed her sense of modesty, and the gratification of her taste for liquor was the bribe by which her virtue was successfully assaulted.

The main defence, however, is that her husband failed to surround her with the protection which his knowledge of her

habits should have suggested, and as her adultery seems to have resulted from those habits, that he is not in a position to ask for a divorce.

The cases invoked in support of this insistence are *Hedden* v. *Hedden, 6 C. E. Gr. 61,* and *Cane* v. *Cane, 12 Stew. Eq. 148.* These cases involve the application of the well-settled doctrine that the husband who connives at his wife's adultery cannot complain of it, but the facts proved in this case do not bring it within the scope of this doctrine. It is undoubtedly true that connivance may consist of a passive assent to the train of circumstances leading to adultery when the complainant could have prevented the wrong or injury of which he complains. The facts, however, necessary to constitute connivance must have a direct and necessary tendency to cause adultery to be committed. *Storm* v. *Storm, 1 Rob. Ecc. 99.*

Corrupt intent is the very essence of connivance. It cannot be inferred from the husband's great inattention to his family. *1 Nels. Div. § 481.* The gravity of the offence, its infrequency and the general presumption of innocence requires that this defence should be established by direct and conclusive proof. *1 Nels. Div. § 499.*

There is nothing in this case to show that the husband's conduct, whatever it was, was induced by a wish or expectation that his wife should be seduced. There is nothing that he did or that he failed to do which could reasonably impute to him a desire or anticipation that his conduct would prompt her to drift into lewdness. Unless this intention can, under the circumstances, be imputed to him, it is irrelevant to consider whether it was his duty to have acted towards her differently than he did.

The husband is entitled to a decree for divorce.

*Mr. Aaron E. Johnston,* for the appellant.

*Mr. Acton C. Hartshorne,* for the respondent.

Hallinger v. Zimmerman.

PER CURIAM. ·

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, NIXON—13.

*For reversal*—None.